Matter of Do'Naisha L.E.B. (Lisa A.B.) (2019 NY Slip Op 07248)





Matter of Do'Naisha L.E.B. (Lisa A.B.)


2019 NY Slip Op 07248


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-11425
 (Docket No. B-29754-15)

[*1]In the Matter of Do'Naisha L. E. B. (Anonymous). Catholic Guardian Services, petitioner-respondent;
and
Lisa A. B. (Anonymous), appellant, et al., respondent.


Jill M. Zuccardy, New York, NY, for appellant.
Magovern & Sclafani, Mineola, NY (Frederick J. Magovern and Joanna M. Roberson of counsel), for petitioner-respondent.
Janet Neustaetter, Brooklyn, NY (Laura Solecki and Martha Pollack of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Margaret Morgan, J.), dated September 11, 2018. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the petition is denied insofar as asserted against the mother.
The petitioner commenced this proceeding, inter alia, to terminate the mother's parental rights, alleging that the mother permanently neglected the subject child. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
To establish that a parent has permanently neglected a child, an agency must demonstrate, by clear and convincing evidence, that the parent "failed for a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b[7][a]).
Here, the petitioner did not establish, by clear and convincing evidence, that during [*2]the relevant period of time, the mother failed to maintain contact with or plan for the future of the child. The evidence adduced by the petitioner at the fact-finding hearing consisted of the testimony of the mother and two orders of fact-finding and disposition in companion proceedings involving siblings of the subject child. The orders of fact finding and disposition in the companion proceedings, which found that the mother permanently neglected those children, terminated her parental rights, and freed those children for adoption, have since been reversed on appeal (see Matter of Jaylen R.B. [Lisa G.], 167 AD3d 871).
The petitioner's sole witness, the mother, testified that she had complied with all of the requirements that were communicated to her in order for the subject child to be returned to her care, including, among other things, participating in therapy and completing parenting classes. The mother further testified, inter alia, that she did not believe she was neglectful, that she did not believe she suffered from any serious mental health issues, that she benefitted from therapy primarily because it helped her cope with the anxiety caused by the family's involvement in the foster care system, and that much of the content of the parenting classes was common sense. The petitioner failed to adduce any other evidence beyond the mother's own testimony on these subjects.
It cannot be said, on this limited record, that the petitioner established, by clear and convincing evidence, that the mother failed "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent" (Social Services Law § 384-b[7][c]; see Matter of Jaylen R.B. [Lisa G.], 167 AD3d at 873).
Accordingly, the Family Court should have denied the petition insofar as asserted against the mother (see Social Services Law § 384-b; Matter of Jaylen R.B. [Lisa G.], 167 AD3d at 873).
SCHEINKMAN, P.J., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court